## KICE v. CITY OF LOUISVILLE.

**Municipal Corporations—City Attorney—Power and Duty—Judgment for Possession of Street.**

In 1863, the appellee instituted proceedings against the appellant for obstructing Wenzel street, and an agreed judgment was rendered against appellant by which he surrendered all his claim to said street. But in 1867, the appellant appeared in the Circuit Court, had the case redocketed, and with the consent of the City Attorney had the judgment of 1863 set aside, and now claims the same land. Held, that the court had no power over said judgment, and that the attorney of the city had no authority to consent to any such order. His obligations to the city are to prosecute its claims and not to surrender its established rights.

**Same—Form of Judgment—Abandonment of Streets—Reversion to Original Owner.**

The objection to the form of the judgment because the land is adjudged to the city cannot be available, because whenever the city shall cease to use the ground as a street, it would revert to the original owner by operation of law.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

February 26, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

From the agreed facts in the case that appellant purchased the lots designated on the map filed as an exhibit in the case in the years 1849 and 1850 that the western boundary of one was Wenzel street, and the eastern boundary of the other was the same street, the lots being on opposite sides of said street, prior to the years named he had possession of no land in that vicinity so far as appears, and the evidence conduces to show that he did not purchase or contract with any one for the disputed ground.

It is clearly established that the owner and proprietor of the land in 1834, then dedicated Wenzel, then called Braddock street, to the use of the public, and the greater part thereof had been so used from the date of its dedication to the present time—the dedication of the ground there as a street was known, and recognized

by those from whom appellant acquired the lots on each side thereof and they never claimed the disputed ground. His possession, therefore, could not have commenced earlier than 1849.

In 1863 a proceeding was instituted against him in the circuit court for obstructing Wenzel street on the same ground which is now the subject of this controversy; that prosecution was adjusted by the agreement of the appellant and the then mayor of the city, and a judgment rendered in accordance with said agreement. Whereby appellant was adjudged to surrender all his claim to the land, which he is now asserting right to, to the city, and in consideration therefor the city paid him $25 in hand, and dismissed the prosecution against him at its costs. Very soon thereafter the city by its agents entered upon the ground, built a sewer through it and used it for such purposes as it needed it for. In 1867, four years nearly after the right of the city to the ground was admitted and fully recognized by appellant, he appeared in the city court, had the case redocketed, and with the consent of the attorney had the judgment of 1863 set aside as the record reads and now claims the same land.

He cannot successfully assert a possessory title because the continuity of his possession was broken by the entry of the city by its agents before his possessory title had been perfected. And the order professing to set aside the judgment of 1863 was void. The court had no power over said judgment, and the attorney for the city had no authority to consent to any such order. His obligations to the city are to prosecute its claims and not to surrender its established rights. The evidence shows appellant in person made the agreement with the mayor of the city in relation to the ground, and not his attorney. The objection to the form of the judgment because the land is adjudged to the city cannot be available; because whenever the city shall cease to use the ground as a street or highway it would revert to the original proprietor and his vendees by operation of law.

Wherefore, the judgment is *affirmed*.

*Stirman, for appellant.*

*Bullitt, for appellee.*